UNITED STATES of America

v.

Robert F. CARROZZA,
et al., Defendants.

No. CRIM.A. 97–40009–NMG.

United States District Court,
D. Massachusetts.

July 20, 1999.

Jeffrey Auerhahn, Cynthia Young, U.S. Attorney's Office, Boston, MA, for U.S.

John H. LaChance, Framingham, MA, for Robert F. Carrozza.

Robert F. Carrozza, Central Falls, RI, pro se.

Peter Ettenberg, Gould & Ettenberg, Worcester, MA, for Michael P. Romano, Sr.

Benjamin D. Entine, Boston, MA, Phil Boncore, East Boston, MA, Benjamin D. Entine, Boston, MA, for Anthony Ciampi.

Gary C. Crossen, Foley, Hoag & Eliot, Boston, MA, for Sean Thomas Cote.

Edward P. Ryan, Jr., Fitchburg, MA, for Mark F. Spisak.

Roger A. Cox, Ashland, MA, James J. Gribouski, Worcester, MA, for John J. Patti, III.

Brian J. Buckley, Fletcher, Tilton & Whipple, Worcester, MA, Herbert F. Travers, III, Travers, Murphy & O'Connor, Worcester, MA, for Eugene A. Rida, Jr.

Martin Boudreau, North Quincy, MA, for John M. Arciero.

Robert L. Sheketoff, Sheketoff & Homan, Boston, MA, for Vincent Michael Marino.

W. Theodore Harris, Jr., Harris & Associates, P.C., Worcester, MA, for Nazzaro Ralph Scarpa.

Nazzaro Ralph Scarpa, Plymouth, MA, pro se.

Thomas J. Butters, Sarah C. Corrigan, Butters, Brazilian & Small, Boston, MA, for Paul A. Decologero.

Peter Parker, Boston, MA, for Christopher Puopolo.

Charles W. Rankin, Rankin & Sultan, Boston, MA, for Anthony Allan Diaz.

James G. Reardon, Reardon & Reardon, Worcester, MA, for Leo M. Boffoli.

### MEMORANDUM AND ORDER

GORTON, District Judge.

In January, 1999, following a 55–day trial of nine defendants, this Court declared a mistrial in the instant case as a result of a hung jury on most counts. Pending before this Court is a motion of defendant Michael Romano ("Romano") to dismiss one of those counts on collateral estoppel grounds and to preclude the government from introducing certain evidence at the retrial (Docket No. 753).

### I. *Background*

Romano and his co-defendants are charged with, *inter alia*, RICO Substantive, RICO Conspiracy and Conspiracy to Commit Murder in Aid of Racketeering while members or associates of the Patriarca Family of La Cosa Nostra. The jury acquitted Romano on Count 16, which charged him with a violation of 18 U.S.C. § 1959 for the attempted murder of Stephen Rossetti ("Rossetti") in aid of racketeering. The jury failed to reach a verdict on Count 17, which charged Romano with using and/or carrying a firearm in connection with the crime charged in Count 16, in violation of 18 U.S.C. § 924(c). Romano now seeks dismissal of Count 17.

The attempted murder of Rossetti is also alleged as Racketeering Act A–8, which is listed as a predicate offense to the RICO crimes charged in Counts One and Two.[1] The Court utilized special verdict forms that instructed the jury that if it found a particular defendant guilty of either Count One or Count Two, it should indicate which of several charged racketeering acts it unanimously found that defendant had committed.[2] The verdict form with respect to each defendant accused in Counts One and Two listed the various racketeering acts that served as potential predicates for the RICO charges against him and provided for the jury to indicate whether each racketeering act was "Proved" or "Not Proved."

Although the jury failed to reach verdicts on either Counts One or Two as to Romano, it nevertheless checked "Not Proved" with respect to Racketeering Act A–8 on both those counts. This Court will

---

1. Count One charges Romano with violating 18 U.S.C. § 1962(c) (RICO substantive) and Count Two charges him with violating 18 U.S.C. § 1962(d) (RICO conspiracy).

2. Use of the special verdict form was also potentially helpful in avoiding the need for a retrial if findings on any racketeering acts were reversed on appeal.

therefore examine the effect, if any, of the "Not Proved" entries.

## II. *Analysis*

### A. Count 17

This Court instructed the jury that it could convict Romano on Count 17 only if the government proved, beyond a reasonable doubt, that 1) Romano was guilty of the crime charged in Count 16 and 2) he knowingly used and/or carried a firearm during and in relation to that crime, or aided and abetted another's use and/or carrying of such a firearm. *See United States v. Currier*, 151 F.3d 39, 41 (1st Cir.1998) (citing *United States v. Manning*, 79 F.3d 212, 216 (1st Cir.1996)).[3] The Court further emphasized:

> [i]f you find that the defendant under consideration is not guilty of the specified crime of violence or drug trafficking crime, you must also find him not guilty of using or carrying a weapon during and in relation to that crime.

(Tr. at 45–145).

█ The jury verdict to acquit Romano on Count 16 therefore precludes a conviction on Count 17. The verdict constitutes a final judgment that Romano is not guilty of committing a violent crime in aid of racketeering by virtue of the attempted murder of Rossetti and therefore precludes the government from re-litigating that issue at the retrial. Accordingly, Count 17 will be dismissed.

The government, in response to Romano's motion, argues that the not guilty verdict on Count 16 does not necessarily mean the jury decided that Romano did not use and/or carry a firearm in connection with the attempted murder of Rossetti in aid or racketeering. Instead, the government contends that the jury could have concluded that Romano participated in the attempted murder of Rossetti, but that another essential element of the crime was absent. Conviction under 18 U.S.C. § 1959, the crime charged in Count 16, requires proof that a defendant committed a crime of violence (in this case attempted murder as it is defined by Massachusetts law) and that he did so either to receive something of value from a racketeering enterprise or for the purpose of gaining entrance to, or maintaining or increasing position in, an enterprise. The government argues that the jury could have found that Romano committed the attempted murder but that the nexus between the crime and the enterprise was lacking. Such a decision, it contends, leaves open the issue of whether Romano used and/or carried a firearm in connection with the attempted murder.

Although the government presents a logically-sound explanation of the not guilty verdict, the reason for the acquittal is irrelevant. In this case, a finding that Romano committed the crime charged in Count 16 was a necessary element of the crime charged in Count 17. The acquittal on Count 16, even if it represents the rejection of only one of the elements of that crime, precludes a conviction on Count 17.

### B. Racketeering Act A–8

█ Romano, in his motion to dismiss, equates the "Not Proved" entries on Rack-

---

**3.** The relevant portion of the specific instruction was as follows:

> In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a crime of violence, as charged in Counts 4, 6, 8, 10, 13, 15, 17 and 21 of the Indictment (relating to Counts 3, 5, 7, 9, 12, 14, 16, 19 and 20, respectively), or to a drug trafficking crime, as charged in Count 31 (relating to Count 30), the government must prove the following two essential elements beyond a reasonable doubt:

> First, that the defendant then under your consideration committed, or aided and abetted the commission of, the specific crime of violence or a drug trafficking crime, as charged in the individual counts of the Indictment; and
> Second, that during and in relation to the commission of that particular crime, the defendant knowingly used or carried a firearm or knowingly aided and abetted another person in using or carrying a firearm. (Tr. at 45–145).

eteering Act A–8 with respect to Counts One and Two as acquittals. The government argues, however, that the jury's failure to reach a verdict on either Count One or Count Two renders the "Not Proved" entries meaningless. One need only examine the basic principles of the collateral estoppel doctrine to conclude that the government is correct. The "Not Proved" entries simply have no legal consequence.

■ The collateral estoppel doctrine prohibits the government from relitigating any issue of ultimate fact that has been determined by a valid and final judgment. *Ashe v. Swenson*, 397 U.S. 436, 442, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Because there were no final judgments regarding Romano's guilt on Counts One or Two, those non-verdicts cannot give rise to any collateral estoppel application.

There is little doubt that the jury, by virtue of marking "Not Proved" with respect to Racketeering Act A–8 on Romano's verdict form, decided that the government had not proved that Romano committed the crime alleged in Racketeering Act A–8. Nevertheless, that conclusion has no legal significance.

The RICO statute makes it a crime to conduct or participate in the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity. 18 U.S.C. § 1962(c). In order to demonstrate a "pattern of racketeering"—one of the five elements necessary to prove a RICO violation—the government must

prove that the defendant committed at least two predicate acts of racketeering. The jury considered nine predicate acts with respect to Romano. A finding of "Proved" as to any two of them would have been sufficient to sustain a conviction.

Racketeering Act A–8 represents merely one part of one of the elements the government has to prove to obtain a conviction on the RICO counts. That act was the only predicate act that the jury specifically addressed on Romano's verdict form. The entry of "Not Proved" as to that racketeering act does not represent a final judgment with respect to Romano on the RICO counts nor does it necessitate a finding of not guilty on those charges. At most, it was an intermediate step in the jury's thought process and does not, therefore, preclude the government from relitigating the issue. *See United States v. Console*, 13 F.3d 641, 664–64 (3rd Cir. 1993).[4]

Moreover, this Court instructed the jury to indicate whether each racketeering act was "Proved" or "Not Proved" only if the jury first determined that Romano was guilty of either Count One or Count Two. The fact that the jury did not reach a verdict on either of those counts confirms the conclusion that its "Not Proved" entries as to Racketeering Act A–8 are best characterized as preliminary notations to assist the jury in its deliberations. *See United States v. Jenkins*, 902 F.2d 459, 470 (6th Cir.1990).[5] As such, they have no

---

**4.** In *Console*, the jury was unable to reach a verdict on a RICO count. The Third Circuit stated:

> [i]nasmuch as a response to a special interrogatory regarding an element of a "hung" count is neither a "final" judgment nor a determination "necessary" to a final judgment, such a response would not preclude the government from relitigating an issue. Thus, even if the jury at the first trial had indicated that the predicate offenses on which the RICO counts rested had not been established, [the defendant] would have reaped no benefit from the doctrine of collateral estoppel and the government would have been free to reprosecute the RICO

counts based on these predicate offenses. *Console,* 13 F.3d at 664–65.

**5.** In *Jenkins,* just as here, the jury was unable to reach an agreement on the RICO count but similarly agreed on one or more of the predicate offenses listed on the verdict form and marked the verdict form accordingly. The Sixth Circuit held that it was proper for the district court not to receive those entries as verdicts and that:

> [t]he jury's notations on the special verdict form were merely preliminary votes and not entitled to any weight since the jury was unable to reach a verdict on that count. As the trial court stated, the special verdict

preclusive effect with respect to the retrial.

Furthermore, Romano's acquittal on Count 16 does not preclude the government from relitigating the crime charged in Racketeering Act A–8 because the count and the racketeering act allege different crimes. Racketeering Act A–8 alleges the attempted murder of Rossetti as a violation of Massachusetts law. Count 16 alleges the same attempted murder as a violation of a federal law that criminalizes violent crimes in aid of racketeering, 18 U.S.C. § 1959. Although conviction under the federal law requires proof that Romano committed the state crime, it also requires proof that he did so for the purpose of receiving something of value from a racketeering enterprise or for the purpose of gaining entrance to, or maintaining or increasing position in, an enterprise. 18 U.S.C. § 1959. In contrast to Count 16, Racketeering Act A–8 does not require proof of a nexus to an enterprise.

In a criminal case, the defendant bears the burden of demonstrating that the issue he seeks to foreclose through the collateral estoppel doctrine was in fact settled in the first proceeding. *United States v. Morris*, 99 F.3d 476, 480 (1st Cir.1996). A court will collaterally estop the government from litigating an issue in a second trial:

> only [upon] an unequivocal showing that the issue sought to be foreclosed by the defendant from subsequent reconsideration was definitely, and necessarily decided by a jury in a final judgment, and in the defendant's favor.

*United States v. Aguilar–Aranceta*, 957 F.2d 18, 25 (1st Cir.1992).

In the instant case, there is no way to determine the basis for the jury's acquittal of Romano on Count 16. As discussed previously, a conviction of the crime charged in Count 16 requires proof of two

form setting forth the predicate state bribery acts under RICO was merely advisory.

elements: 1) the commission of the state law crime of attempted murder and 2) a nexus between that crime and a racketeering enterprise. Although a failure of proof of the first element would preclude the government from relitigating that issue in the context of Racketeering Act A–8, an acquittal based upon a failure of proof of the second element would not. Because a failure of proof of either element would necessitate an acquittal on Count 16, the not guilty verdict does not necessarily mean the jury exonerated Romano of having committed the attempted murder of Rossetti. It could simply represent a conclusion on the part of the jury that the nexus between the crime and the enterprise was lacking.

As such, Romano has failed to make the necessary showing to justify application of the doctrine of collateral estoppel. The government may therefore relitigate Racketeering Act A–8. Romano's motion to preclude the introduction of evidence regarding the alleged attempted murder of Rossetti will therefore be denied.

### ORDER

For the foregoing reasons, the motion of defendant Romano is, with respect to the dismissal of Count 17, ALLOWED and, with respect to the preclusion of evidence at the retrial, DENIED. Count 17 as to Romano is therefore dismissed.

So ordered.